IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTIAN CABALLERO, | § | |
| #57576-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-616-S-BK |
| | § | (CRIMINAL NO. 3:18-CR-185-S-8) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Movant Christian Caballero. As detailed below, the motion should be **DENIED**.

## I. BACKGROUND

Caballero was charged by a one-count indictment with conspiring to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(i)). Crim. Doc. 248-1 at ¶ 6.[1] Caballero pleaded guilty to that charge pursuant to a plea agreement. Crim. Doc. 179. Following a lengthy sentencing hearing in which the Court determined, *inter alia*, he was not entitled to a safety-valve reduction because of his lack of candor as to his involvement in the conspiracy, Caballero was sentenced within the calculated

---

[1] Citations to documents from Movant's criminal proceeding, *United States v. Christian Caballero*, 3:18-cr-00185-S-8, are preceded with "Crim. Doc." Citations to documents from this Section 2255 proceeding are preceded with "Doc."

guidelines range but above the statutory minimum sentence to 135 months' imprisonment. *See* Crim. Doc. 529 at 30-88, 91-92, 96.

Caballero filed a direct appeal, Crim. Doc. 516, which he subsequently moved to voluntarily dismiss before briefing. The United States Court of Appeals for the Fifth Circuit granted the motion to dismiss. Crim. Doc. 522; Crim. Doc. 523; Crim. Doc. 525.

Caballero later filed the instant Section 2255 motion. Doc. 2, Doc. 3. The Government has filed a response. Doc. 8. However, Caballero has not filed a reply.

Liberally construing his filings, Caballero makes these claims for relief:

1. The Court erred in refusing to grant him a safety-valve reduction (Ground 1).

2. The Court erred in failing to properly calculate his time served in pretrial custody (Ground 3).

3. His counsel was ineffective for promising a safety-valve reduction but failing to deliver, failing to object to the absence of a safety-valve reduction, and failing to object to the alleged miscalculation of time that Caballero spent in pretrial custody (Ground 2).

Doc. 2 at 4-7; Doc. 3 at 2-12.

## II. LEGAL STANDARDS AND ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). But under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction if: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted). Section

2255, is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

### A. Refusal to Grant Safety Valve Reduction (Ground One)

Caballero claims that the Court erred by refusing to grant him a safety-valve reduction under U.S.S.G. § 5C1.2. Doc. 3 at 1-9. The safety-valve provision allows a court to sentence a defendant below the statutory minimum sentence under certain circumstances. *United States v. Treft*, 447 F.3d 421, 426 (5th Cir. 2006). A defendant may qualify for a sentence below the statutory minimum if he meets the five criteria set forth in 18 U.S.C. § 3553(f), one of which is that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." Here, following a lengthy hearing, the Court determined that a safety-valve reduction was not warranted because Caballero was not entirely truthful when providing information to the Government in an attempt to qualify for the reduction. Crim. Doc. 529 at 30-88.

Caballero is not entitled to Section 2255 relief on this claim for several reasons.

First, the claim is procedurally barred. Collateral review is different from and may not replace a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.") (citations omitted). "A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice'

resulting from the errors." *Velasquez-Jimenez v. United States*, 2:23-CV-085-Z-BR, 2023 WL 8099114, at *2 (N.D. Tex. Oct. 23, 2023) (citing *Shaid*, 937 F.2d at 232).  Caballero did not raise the safety valve issue on direct appeal, as he voluntarily dismissed his direct appeal.  Crim. Doc. 522, Crim. Doc. 523, Crim. Doc. 525.  Caballero also fails to demonstrate cause or prejudice to excuse that default.  While he claims that his counsel refused to raise this claim on direct appeal, Doc. 2 at 4, he does not argue that his appellate counsel was ineffective and that such ineffectiveness excuses the procedural default.  *See* Doc. 2; Doc. 3.

Second, Caballero waived his right to assert this claim under the plain terms of his plea agreement, which contains a waiver of Caballero's right to challenge his conviction or sentence in a collateral proceeding under Section 2255, except to challenge the voluntariness of his guilty plea or the waiver of rights in it, or to bring an ineffective assistance of counsel claim.  Crim. Doc. 179 at 6.  Because such waivers are generally enforceable, *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994), and because this claim falls outside the narrow scope of post-conviction challenges Caballero reserved, his claim may be denied on that basis alone.

Third, Caballero's safety-valve claim is not cognizable under Section 2255.  *See*, *e.g.*, *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed.  Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions."); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").[2]

---

[2] Even assuming Caballero could overcome all these procedural obstacles, he cannot show that the Court erred in refusing to apply the safety-valve reduction.  Doc. 8 at 15.  The Court relied on

In sum, Caballero is not entitled to Section 2255 relief on his claim that the Court erred in not awarding him a safety-valve reduction.

### B. Error in Calculating Time in Pre-Trial Custody

Caballero also contends that his time in pretrial custody was miscalculated; thus, he was denied two months of credit for time served.  Doc. 3 at 1.  This claim likewise is not cognizable in a Section 2255 proceeding.  A claim attacking the way the sentence is carried out or the Bureau of Prisons' (BOP) determination of its duration should be filed pursuant to 28 U.S.C. § 2241 in the federal district of incarceration.  *See United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Thus, Caballero's claim is properly brought by a Section 2241 motion filed in the Western District of Louisiana where he is incarcerated at USP Pollack.

### C. Ineffective Assistance of Counsel

Caballero also argues that his counsel was ineffective for promising that he would receive the safety-valve reduction, for failing to object to the lack of a safety-valve reduction at sentencing, and for failing to challenge the purported miscalculation of time Caballero served in pretrial custody.  Doc. 3 at 10-11.

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland*

---

agent testimony that was based on "specific concrete information"—namely information from both a cooperating defendant and a confidential informant that the agent (and, in turn, the Court) deemed reliable—and was therefore not speculative.  Crim. Doc. 529 at 30-88; *United States v. Lima-Rivero*, 971 F.3d 518, 522-23 (5th Cir. 2020) (denial of safety-valve reduction for untruthfulness requires supporting evidence that is more than "speculation" or "mere conjecture.") (citing *United States v. Miller*, 179 F.3d 961, 969 (5th Cir. 1999)).

*v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id*. at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id*. at 688.  That said, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.* Moreover, in the context of sentencing, "prejudice means that that but for his counsel's error, his sentence would have been significantly less harsh."  *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam).

i. *Purported Promise of a Safety-Valve Reduction*

Caballero's claim that counsel promised him a safety-valve reduction is belied by the record.  Caballero gave sworn testimony that, among other things, he understood: (1) his sentence would be decided by the Court alone and that he should not rely on any statement or promise from anyone, including the Government, about what his sentence would be; (2) his guilty plea must be knowing and voluntary; (3) after determining the guidelines range, the Court could impose a sentence, so long as within statutory limits, that was within the guidelines range, above it, or below it; (4) he faced imprisonment of at least 10 years and no more than life; and (5) the potential penalties and consequences should he enter a guilty plea.  Crim. Doc. 528 at 7-10.  He acknowledged his understanding that if his sentence was more severe than he expected, he would not have the right to withdraw his guilty plea, Crim. Doc. 528 at 20, and made similar representations in his plea agreement, *see*, *e.g.*, Crim. Doc. 179 at 3, 6.

Formal declarations in open court carry with them a "strong presumption of verity." *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). And "official documents—such as a written plea agreement—are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Thus, to overcome the sworn statements that clearly contradict his claim that his counsel promised a safety-valve reduction, Caballero must show—typically through affidavits from reliable third parties—"(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d at 1110. Caballero offers nothing like that. Thus, Caballero's claim that his counsel was ineffective for promising that the Court would apply the safety valve reduction is meritless and should be denied.

### ii. Failure to Object to Lack of Safety Valve Reduction

Caballero's complaint that his counsel was ineffective for not objecting to the lack of a safety-valve reduction in the PSR calculations, Doc. 3 at 11, is unsupported, prompting a lengthy hearing on the issue. Crim. Doc. 394; Crim. Doc. 529 at 30-88. Caballero does not explain how his counsel could have presented the argument differently. Because Caballero's factual premise is fatally flawed, he fails to demonstrate ineffectiveness and that he is entitled to relief on this claim. *See*, *e.g.*, *Contreras v. United States*, 682 F. Supp. 2d 771, 778 (S.D. Tex. Jan. 27, 2010) (movant "cannot establish ineffective assistance of counsel simply because the arguments advanced by his attorney failed.").

### iii. Failure to Object to Time in Pretrial Custody

Finally, Caballero claims that his counsel should have objected to the purported

miscalculation of time he served in pretrial custody. Doc. 3 at 11. As indicated *supra*, however, a district court lacks the authority to compute the amount of credit for time served to be accorded the defendant. *United States v. Wilson*, 503 U.S. 329, 333, 336 (1992); *see also United States v. Barrera-Saucedo*, 385 F.3d 533, 536 (5th Cir. 2004) ("There is no statutory authority for a district court to award credit against federal sentence for time spent in state custody."). The BOP makes that determination after the defendant begins his federal sentence. *See id.* at 333, 337; *see also United States v. Caraveo-Nunez*, 992 F.2d 323, 1993 WL 152140, at *1 (5th Cir. Apr. 21, 1993) (per curiam) ("[T]he Attorney General, through the Bureau of Prisons, is responsible for administering the sentence and making the determination of jail-time credit when imprisoning a defendant."). "As a result, the BOP—not defense counsel or the Court—is responsible for implementing the statutes concerning the computation of a federal sentence." *Aragones v. United States*, 619 F. Supp. 3d 663, 670 (W.D. Tex. 2022) (citing *Wilson*, 503 U.S. at 333).

At bottom, because the Court did not have the authority to determine the amount of pretrial custody credit Caballero should get, his counsel was not ineffective for failing to object to the BOP's calculation of the same, and this claim should be denied. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (counsel not required to make futile objections or motions).

### III. CONCLUSION

Caballero's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 21, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).